TOLEDO NATIONAL INSURANCE COMPANY, APPELLEE, *v.* PAPP, APPELLANT; WOLLAM CHEVROLET ET AL., APPELLEES.

(No. 3174—Decided October 3, 1983.)

Mr. *William R. Hewitt,* for appellant Papp.

Mr. *William G. Cauffield,* for appellee Wollam Chevrolet.

Mr. *David M. Sieman,* for appellee Dukes.

Mr. *George W. Hairston* and Mr. *Richard W. Siehl,* for *amicus curiae,* Ohio Automobile Dealers Assn.

COOK, J. Appellant, George W. Papp, purchased a Lincoln Mark IV automobile from Rosemarie Rucker who had received the car as a gift from Charles E. Dukes of Warren, Ohio. Dukes had purchased the car from R. E. Crash Autowrecking of Greenville, Pennsylvania. When Dukes registered the car in Ohio, he had the physical inspection required by R.C. 4505.061 performed by appellee, Wollam Chevrolet. One of appellee's agents completed the form provided by the Ohio Bureau of Motor Vehicles indicating that the serial number on the car was the same as the serial number on the Pennsylvania certificate of title. The Ohio Highway

Patrol subsequently discovered that the car was stolen by checking a hidden serial number on the car, and a trooper from the patrol seized the car from appellant and impounded it.

The true owner of the car, Toledo National Insurance Company, brought an action to recover the car from appellant and the trooper. Appellant filed a third-party complaint against Dukes and appellee Wollam Chevrolet. The action was dismissed as to the trooper on his motion and Toledo National Insurance Company's motion for summary judgment was granted. As to the third-party complaint, the court entered judgment for appellant against Dukes and found in favor of appellee Wollam Chevrolet.

Appellant has appealed the judgment of the trial court in favor of appellee Wollam Chevrolet. He has filed no assignments of error but has set forth the following three "issues":

"1. What duty or obligation does an automobile dealer inspecting an out of state titled automobile preliminary to the issuance of an Ohio title have?

"2. How is such duty breached?

"3. May a subsequent purchaser of the automobile recover damages from the automobile dealer who negligently certified that the automobile in question is indeed the one shown on the out of state title?"

R.C. 4505.03 prohibits the sale of an automobile without a certificate of title. R.C. 4505.06 spells out the procedure for applying for a certificate of title.

R.C. 4505.061 provides, in part:

"If the application for a certificate of title refers to a motor vehicle last previously registered in another state, the application shall be accompanied by a physical inspection certificate issued by the department of highway safety verifying the make, body type, model, and manufacturer's serial number of the motor vehicle for which the certificate of title is desired. The physical inspection certificate shall be in such form as is designated by the registrar of motor vehicles."

The purpose of R.C. 4505.061 is to prevent the issuance of an Ohio title on a motor vehicle brought into the state with an altered serial number or with other basic defects. *Buckeye Union Cas. Co.* v. *Nichols* (1966), 6 Ohio App. 2d 36 [35 O.O.2d 99].

In the instant cause, an agent of appellee, on a form designated by the registrar of motor vehicles, verified the make, body type, model, and manufacturer's serial number of the car later purchased by appellant. As to the manufacturer's serial number, the agent checked the vehicle identification number ("V.I.N.") attached to the dash board inside the windshield of the car. Appellant, in his third-party complaint, alleged appellee was negligent in that it did not check a second V.I.N. hidden in the engine.

However, a supervisor of the Ohio Bureau of Motor Vehicles testified as to the required duties of the inspection stations and specifically testified that the V.I.N. usually is located near the steering wheel and that that is the number to be written on the prescribed form. There was also testimony by an Ohio state trooper that there was no indication the V.I.N. had been tampered with. There was further testimony that the location of the second hidden V.I.N. is known only to the National Auto Theft Bureau and the manufacturer.

In the absence of evidence of tampering with a visible V.I.N., a party making a physical inspection of an automobile pursuant to R.C. 4505.061 is not negligent if it verifies the manufacturer's serial number of said vehicle from said visible V.I.N.

The court did not err in finding in favor of appellee as to appellant's third-party complaint.

*Judgment affirmed.*

FORD, J., concurs.

DAHLING, J., dissents.